PROB 12A
(12/98)

# United States District Court

**for**

## Southern District of Ohio

### Report on Offender Under Supervision

Name of Offender: **Terrence  Watkins**                    Case Number: **1:02CR00069**

Name of Sentencing Judicial Officer:        **The Honorable Sandra S. Beckwith
Chief United States District Judge**

Date of Original Sentence: **October 10, 2002**

Original Offense: **Bank Fraud, in violation of 18 USC § 1344, a class B felony.**

Original Sentence: **57 months BOP confinement, 4 years supervised release, $18,118.26 in restitution, substance abuse treatment, financial disclosure, cooperate with the IRS, and a $100 special assessment.**

Type of Supervision: **Supervised Release**        Date Supervision Commenced: **November 29, 2006**

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation:** |

On November 30, 2007, Watkins was indicted by the Hamilton County Grand Jury on the charge of Periodic Verification of Current Address, a 3rd degree felony.  The case is currently pending in Hamilton County Common Pleas Court.

The circumstances are Watkins was required to register as a sex offender under the Adam Walsh Act as a result of a 1993 conviction for Corruption of a Minor.  On March 14, 2007, this officer required Watkins to register, which he did.  He was required to register every six months.  Watkins then failed to register in September 2007 as required.

#2          **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;**

On December 18, 2006, January 8, February 5, and August 13, 2007, Watkins submitted urine specimens which returned positive for usage of marijuana. In each occasion, Watkins admitted to separate usage of marijuana.

18 USC § 3583(g)(4) requires revocation for testing positive more than three times in the same year.

## U.S. Probation Officer Action:

As the Court may recall, a petition was submitted to the Court in November 2006 requesting a mental health treatment condition due to Watkins being diagnosed as a paranoid schizophrenic. Watkins hears auditory hallucinations of voices telling him to kill or rob people, or to hurt himself in some manner. The Court granted the modification, and treatment was put into place. He was referred to Mental health Access Point for mental health cases management, counseling, and medication services through the Hamilton County Mental Health Board. Watkins had filed for Social Security disability benefits, not only for the financial benefits, but also for the medicaid benefits, so he could obtain his psychiatric medications every month. Watkins has been unemployed through the supervision term and has no other form of income. He does not have a stable residence. Watkins has had a very difficult time obtaining the financial and medical benefits from Social Security, which is a very lengthy process. He has been denied the benefits twice, despite his verified psychiatric diagnosis.

As a result, between December 2006 and October 2007, Watkins received his medication either through University Hospital-Psychiatric Emergency Services or through his case management agency. However, there have been many occasions over the last eleven months that Watkins did not have the necessary medication to deal with the auditory hallucinations, nor did he have the money to purchase the medication. Transportation has also been a major issue because of his lack of income or any means of financial support, so he frequently missed appointments and/or treatment sessions. The mental health case management agency was finally able to obtain a bus pass for Watkins in late September/early October, which has helped tremendously. He also was recently (the week of October 22) approved for SSI- disability benefits and a medical card for doctor's appointments and prescription medication.

During the difficult times, Watkins admittedly smoked marijuana to take an edge off the auditory hallucinations because of how disturbing the voices were to him. Without the medication and a lack of family support system, he felt this was his only alternative. This officer frequently discussed with Watkins that other alternatives did exist, but realistically due to his lack of money he could not get to the programs that could help him with any regularity. This officer was never sure if Watkins was taking his medications or not. This officer discussed with Watkins the option of taking injections (shots) of his medication (haldol) which is monthly, and very easy to tell whether he is getting his medication. Watkins agreed to the shots, but the details are currently being worked out with his psychiatrist, and should be starting soon.

With reference to the new charge, despite the mental health diagnosis, Watkins was fully aware of his registration requirement, and it is this officer's belief that Watkins fully understood the reason and the frequency of the registration requirement. There is no question that he did not register in September 2007 as required.

However, it should be noted, there could be legal issues that arise out of this charge. The Adam Walsh Act was passed by Congress in July 2006, which included a retroactive requirement to register as a sex offender in any sex offense case committed prior to July 2006 regardless of the length of time that had passed. However, the state of Ohio recently passed Senate Bill 10 in July 2007, which is Ohio's version of the Adam Walsh Act, and does not include the retroactivity provision of the sex offender registration requirement. The state of Ohio is responsible for maintaining the registration list through the local Sheriff's Departments, so issues could be raised about whether Watkins had violated the state law because he had no requirement from the state of Ohio to register. Watkins was charged simply because his name came up on the Sheriff's list

PROB 12A
(12/98)

3

of offenders who did not register in September as required, which is after Ohio Senate Bill 10 was enacted.

Therefore, based on the pending charge, this officer is respectfully recommending no action be taken at this time on either violation until the pending charge is prosecuted.

Respectfully submitted,

by

Robert C. Frommeyer Jr.
Supervising U. S. Probation Officer

Date:    **November 2, 2007**

[✓]    I concur with the recommendation of the Probation Officer
[ ]    Submit a Request for Modifying the Condition or Term of Supervision
[ ]    Submit a Request for Warrant or Summons

Signature of Judicial Officer

11/5/07

Date